**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01297-REB-KLM

ED HARSHBARGER, JR.,
RONALD HERBER,
VIRGIL JONES, and
THE DENVER TYPOGRAPHICAL UNION NO. 49, COMMUNICATIONS WORKERS
OF AMERICA LOCAL NO. 14705,

    Plaintiffs,

v.

LESTER E. STEVENS, JR.,
THE DENVER NEWSPAPER GUILD-CWA, LOCAL NO. 37074 OF THE
COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO-CLC, and
THE DENVER NEWSPAPER AGENCY, LLP, a Delaware limited liability partnership,

    Defendants.

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

**Blackburn, J.**

The matter before me is **Plaintiffs' Motion for Reconsideration** [#52][1] filed March 11, 2011. I deny the motion.

Because plaintiff's motion was filed within 28 days of the entry of judgment, it is properly considered under Fed.R.Civ.P. 59(e). Nevertheless, the bases for granting a motion under Rule 59(e) are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for

---

[1] "[#52]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

> reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

None of these circumstances pertains here. Plaintiffs use their motion to raise arguments regarding impairment of their right to vote that were not previously articulated in the copious briefing that accompanied the original motions. A motion for reconsideration is not an opportunity for a party to advance new and improved arguments that were clearly implicated by the original motion. Plaintiffs also devote a substantial portion of their motion to the concept of prudential standing, despite the fact that the dismissal was premised primarily on the related, but conceptually distinct, issue of ripeness. In sum, I find defendants' motion to constitute little more than a disagreement with my prior analysis. Accordingly, their motion must be denied.

**THEREFORE, IT IS ORDERED** that **Plaintiffs' Motion for Reconsideration** [#52], filed March 11, 2011, is **DENIED**.

Dated May 10, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge